Patton v. Evans.

JAMES E. PATTON v. PHŒBE EVANS, GUARDIAN.

See this case for circumstances under which, where the question was as to abandonment of a settlement in Peters' Colony, and the jury found there was no abandonment, this Court reversed the judgment and ordered a new trial on the ground that the verdict was not supported by the evidence.

Appeal from Ellis.

*J. W. Ferris* and *N. M. Burford*, for appellant.

*B. W. Stone*, for appellee.

LIPSCOMB, J. This suit was brought by the appellee against the appellant, for a section of land in Peters' colony. The proof was that Clarinda Squires, the mother of the appellee's wards, settled on the land in controversy in 1843 or '44, and claimed it as her settlement; that she remained there some time, and married one Sterrett, and then the family removed to Red River, in Fannin county. One witness testified that she said she was moving to where she could get provisions, and that none could be had at that time in the settlement; and that he understood she intended to return again. It was proved that the cabin was a small one, unfinished, no door shutter, and open between the logs. Another witness for the plaintiff proved the settlement, and testified that it was generally believed that she did not intend to return. She remained in Fannin county from eighteen months to two years, and then returned to Peters' Colony. One witness testified that she said whilst returning, that she was going back to her old place, and intended getting as much ground in cultivation as possible. Another witness, who moved with her, said she had agreed to settle near to him

on Mountain Creek. It was in proof that after returning to the Colony, the family lived at several different places and finally settled upon the Waxahatchie, where they remained until the death of Mrs. Sterrett. The cabin was not enclosed, and appeared to be in ruins, after the abandonment. In 1850, the appellee obtained a certificate of headright as guardian for her wards, as the heirs of Mrs. Squires. The land had not been surveyed whilst Mrs. Squires lived upon it. The certificate was issued as a headright certificate, to a colonist in Peters' Colony.

The defendant settled on the place in the early part of 1845, and has remained there ever since. He received a certificate in 1850, as a colonist of Peter's Colony, and had his settlement surveyed, and the field-notes returned to the General Land Office.

This suit was brought in January, 1851. There was no evidence that there was any claim to the settlement, or any interruption to the possession of the defendant, made by the mother of the appellee's wards or by any one for her, after her return to the neighborhood. It was in evidence, that Mrs. Squires had sold her cabin to her mother, the appellee in this suit, and that her mother had said that defendant had built the cabin in which she lived, for the one built by Mrs. Squires, and that after the return from Red River, the family lived for some time in that cabin with the present plaintiff. There was a verdict for the plaintiff and judgment, a motion for a new trial, which was overruled, and an appeal taken.

The possession of Mrs. Squires, being prior in point of time, would give her the preference, unless she had lost it by a voluntary abandonment. If she had temporarily left the place, with a view of returning to it, when the exigency that had made her temporary abandonment necessary, was removed, and she did so return and manifest her intention of resuming her possession, and was prevented from so doing by the defendant,

she would not lose her right of possession, provided the abandonment was not for too great a length of time. From the length of time after her removal to Red River before she returned to the colony, near two years, it can hardly be contended that she still retained her possession, even if she had endeavored to regain it. But when it is seen that after her return to the neighborhood, she lived in several different places, for about three years, making near five years, without any assertion of her right to possession, it would seem to be conclusive, that she had relinquished all right to the possession, and would stregthen the evidence that she had sold it to her mother, the appellee in this case, who had also sold it to the defendant, for the consideration of the building for her another cabin. If a settlement that had once been made, under such circumstances abandoned as we have presented in this case, could be sustained as a ground of preference, there can be no doubt that it would be productive of much litigation in the colony, and would do great injustice to those who had been so long in the quiet possession, as has been the possession of the appellant. We think therefore that the evidence did not support the verdict of the jury, and that a new trial ought to have been granted, and that the judgment ought to be reversed, which is accordingly done, and the cause remanded.

Reversed and remanded.